**SARFATY AND ASSOCIATES, P.C.**
ATTORNEYS AT LAW
1 NORTH SHERRI LANE
WESLEY HILLS, NEW YORK 10977
TEL: 845-426-5710
Fax: 845-354-0615

March 12, 2018

Honorable Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601- 4150

Re:   *Eisenberg et al v. United Airlines, Inc.*
      Docket No.: 17-cv-02969-CS

Dear Judge McCarthy:

> *[Handwritten note:]* We'll discuss these issues at the already scheduled 3/28/18 conference. Defendant should state its position by letter no later than 3/21/18.
>
> So Ordered.
>
> Cathy Seibel
> Cathy Seibel, U.S.D.J.
> Dated: 3/12/18

This firm represents the Plaintiffs in the above-captioned action. Though I am happy to provide the Court with a more extensive history than the space constraints of this letter do not allow, it suffices to say that the parties have worked through many discovery issues for months. As part of that effort Plaintiffs voluntarily provided information that was not required to be produced in paper discovery in order to keep the costs of discovery down and avoid needing to take the Plaintiffs' depositions.

On a similar note, Plaintiffs have asked the Defendant to provide certain information including documents that were not originally produced but which are clearly relevant to this matter.

To that end, on February 7, Defendant produced supplemental responses to Plaintiffs' discovery requests. On February 9, I informed counsel for Defendant, Jennifer Huang, that the responses were not adequate thus would need that information or would need a deposition.

On February 14, after Ms. Huang had not responded to my February 7 email, I emailed her again. Ms. Huang responded on the same day. As the information provided by Ms. Huang was still not sufficient, I responded on February 14 stating that if she did not provide additional information we would need a deposition. On February 20, after Ms. Huang had not responded to my February 14 email, I emailed her again to follow up. On February 21, Ms. Huang responded with additional information, though just in an email, not as admissible evidence such as an affidavit.

On February 23, I informed Ms. Huang that all of the information we sought had not been provide and thus we would need a deposition along with an affidavit for the information she had previously provided informally. On February 27, Ms. Huang state she would provide an affidavit. After receiving no affidavit, on March 5, I followed up again. On that day, for the first time, Ms. Huang asserted that any deposition would need to take place in Chicago. Needless to say, Ms. Huang also offered an affidavit which I asked to be provided by March 7 so that I would have an opportunity to review it.

On March 9, I followed up again regarding the affidavit and deposition dates. Needless to say, I do not claim that Ms. Huang has an obligation to provide an affidavit in this case. The point of the affidavit was to try and avoid a deposition to keep the costs down. At this point, I have neither an affidavit or a deposition date from Ms. Huang. Since the affidavit was not provided in a time frame where I could review it and work out any issues, we will need to take a deposition of the Defendant. Further, that deposition should take place in the tristate area.

1

**The Deposition Must Take Place in the Tristate Area**
Though there is a general presumption that a deposition should take place at the location of a corporation's principal place of business, "this presumption is not a strong one and operates primarily when other factors do not favor any particular site for the depositions."[1] Further, the presumption can "be overcome by a showing that factors of cost, convenience and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business."[2] Courts retain "substantial discretion to designate the site of a deposition... ."[3]

In this case, since all of the events in this case took place near this forum, the focal point of the litigation is here and the standard presumption that a deposition is taken at the location of the principal place of business of the corporate defendant is weakened. *Morrisey* at *4-*5.

All of the *Morrisey* factors point towards taking the deposition in the tristate area. With regards to cost, the Plaintiffs are a family that had to take out loan to afford going to Israel for a celebration. Defendant, however, is a large airline. In addition, the cost to fly someone to the tristate area (if that is necessary) by the Defendant may be very small, considering they are an airline.

With regards to the overall cost of the litigation, it should be noted, the Plaintiffs worked diligently to get every piece of information that the Defendant requested in good faith in order to keep costs down.[4] Defendant did provide information but has done so in a much more piecemeal way that has drawn out and delayed the process. In addition, Defendant's failure to provide an affidavit for review has necessitated taking the deposition. Thus, the additional cost of litigation is squarely on the Defendant.

Finally, with respect to convenience, on multiple occasions I have asked Ms. Huang if the Defendant has someone in the tristate area who can testify about a delay that happened in the tristate area. Ms. Huang has failed to respond to whether such a person exists. It is therefore not clear that there is any hardship to the Defendant at all for appearing at a deposition in the tristate area.

Note, this is a case where consumers, including very young children, were on a cancelled flight and then lost a substantial amount of money as a result of the flight being cancelled. I do understand zealous advocacy, but to increase your own customer's expense[5] so that they may not even be able to afford to get the facts to see if they are entitled to reimbursement seems wrong.

Finally, discovery is to close in March 16. As is clear from the above, the parties have been working to resolve the issue. Nevertheless, it is respectfully requested that the deadline be extended in order to allow Defendant a proper amount of time to respond and the Court enough time to resolve the issue.[6]

Very truly yours,

/s/ Jason F. Lowe

CC: Jennifer Huang; Nicholas E. Pantelopoulos (via email)

---

[1] *Morrisey v Little Beaver, Inc.*, 2006 US Dist LEXIS 92812, at *2-3 (EDNY 2006) (internal citations and quotation marks omitted).
[2] *Id.* (internal citations and quotation marks omitted).
[3] *Id.* quoting *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547 (S.D.N.Y. 1989).
[4] This includes information Plaintiffs were not strictly required to provide such as information in response to interrogatories that was not required to be produced pursuant to local rule 33.3.
[5] This seems especially wrong considering United is an airline and is in a better position to control this expense.
[6] I actually hope the issue can be solved between the parties, but at this point, I can not longer wait considering the delays in receiving answers to my questions that is outlined above.

2